UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------- x
ROMEYRA RODRIGUEZ,                               :
                                                 :
                        Plaintiff,               :         **REPORT AND**
                                                 :         **RECOMMENDATION**
          -against-                              :
                                                 :         18-CV-4310 (FB) (PK)
YAYO RESTAURANT CORP. (d/b/a EL                  :
VIEJO YAYO), DESTINATION FOOD                    :
CORP. (d/b/a EL VIEJO YAYO), and JOSE            :
ADAMES,                                          :
                                                 :
                        Defendants.              :
------------------------------------------------------------- X

**Peggy Kuo, United States Magistrate Judge:**

Plaintiff Romeyra Rodriguez[1] ("Plaintiff") brought this action against Yayo Restaurant Corp.,

Destination Food Corp., and Jose Adames[2] (collectively, "Defendants"), alleging various violations

of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201 *et seq.*, and the New York Labor Law

("NYLL") §§ 190 and 650 *et seq.* (*See* Compl., Dkt. 1.)

Before the Court on referral from the Honorable Frederic Block is Plaintiff's Motion for

Default Judgment against Defendants ("Motion") (Dkt. 17.)  For the reasons stated herein, the

undersigned respectfully recommends that the Motion be granted and damages awarded as detailed

below.

**BACKGROUND**

I.       **Factual Background**

---

[1] The action was brought by Plaintiff Romeyra Rodriguez individually and on behalf of other similarly situated plaintiffs. However, Plaintiff alone moves for default judgment.  (*See* Dkt. 17.)

[2] Plaintiff voluntarily dismissed Defendant El Viejo Yayo, Inc. on July 29, 2019 because it was dissolved by proclamation of the New York Secretary of State in 2010.  (Dkt. 24; 27; Electronic Order dated July 29, 2019.)

Yayo Restaurant Corp. and Destination Food Corp. (each d/b/a El Viejo Yayo) are corporations organized under New York state law and operate a Spanish restaurant called "El Viejo Yayo" at 9712 101st Avenue, Ozone Park, NY 11416. (Compl. ¶¶ 23-25; Declaration of Romeyra Rodriguez, dated December 18, 2018 ("Rodriguez Decl.") ¶ 4, Dkt. 18-7.)  Jose Adames is the owner, officer, and/or agent of Yayo Restaurant Corp. and Destination Food Corp.  (Compl. ¶ 26; July 19, 2019 Hearing Transcript ("Tr.") at 6:7-18, Dkt. 26.).

Plaintiff was employed by Defendants from approximately February 28, 2018 until June 29, 2018 as a waitress, cashier, and bartender.  (Compl. ¶¶ 39-40; Rodriguez Decl. ¶ 8; Tr. at 4:18-5:9.)  Plaintiff also supervised the staff.  (Tr. at 8:15-17.)  Plaintiff did not take vacation or sick days during her employment at El Viejo Yayo.  (Tr. at 4:24-5:7.)  Plaintiff's work involved the handling of goods, such as food and other supplies produced outside the State of New York.  (Compl. ¶ 43.)

Throughout Plaintiff's employment with Defendants, she regularly worked 33 hours per week.  (Tr. at 5:12-13.)  Plaintiff worked from approximately 2:00 p.m. until 10:00 p.m. on Wednesdays, 4:00 p.m. until 12:00 a.m. on Thursdays and Fridays, and 12:00 p.m. until 9:00 p.m. on Sundays.[3]  (Compl. ¶ 46; Rodriguez Decl. ¶ 13; Tr. at 5:10-13; 9:4-20):

| Wednesdays | 2 PM – 10 PM | 8 hours |
| Thursdays | 4 PM – 12 AM | 8 hours |
| Fridays | 4 PM – 12 AM | 8 hours |
| Sundays | 12 PM – 9 PM | 9 hours |

---

[3] Both the Complaint and the Rodriguez Declaration contain a typographical error indicating that Plaintiff worked from 12 a.m. until 9 p.m. on Sundays, but Plaintiff clarified during the Hearing and Inquest that she worked from noon until 9 p.m.  (*See* Tr. at 9:4-6.)

During "Mother's Day week,"[4] Plaintiff worked an additional three hours on Friday, an extra 12-hour shift on Saturday, and an additional three hours on Sunday, for a total of 51 hours worked. (Tr. at 5:14-23, 9:10-13, 12:10-11; Compl. ¶ 47; Rodriguez Decl. ¶ 14.)  Plaintiff worked only 24 hours in her last week of work.  (Compl. ¶¶ 20, 46; Tr. 8:20-10:8.)  Throughout her employment, including during "Mother's Day week," Defendants paid Plaintiff a fixed cash salary of $280 per week.  (Compl. ¶¶ 48-49; Rodriguez Decl. ¶¶ 15-16; Tr. at 6:19-7:10.)  Defendants typically paid Plaintiff on Sundays at the end of her shift.[5]  (Tr. at 8:20-9:9.)

Throughout Plaintiff's employment, Defendants did not provide Plaintiff with a written wage notice or accurate wage statements.  (Compl. ¶¶ 109, 112; Rodriguez Decl. ¶¶ 21-23; Tr. at 7:16-24, 11:9-14.)

## II.    **Procedural Background**

Plaintiff filed the Complaint on July, 30 2018.  (Dkt. 1.)  Defendants Yayo Restaurant Corp. and Destination Food Corp. were served on August 1, 2018. (Declaration of Michael Faillace Esq. in Support of Plaintiff's Motion for Default Judgment, ("Faillace Decl."), Dkt. 18, ¶ 5; Dkt. 18-2, 18-4.) Defendant Adames was served on August 23, 2018.  (Faillace Decl. ¶ 5; Dkt. 18-5.)  After no defendant responded to the Complaint, and Plaintiff filed the proper affidavits of service (Dkts. 9-11), Plaintiff requested and the Clerk of the Court entered a default on November 9, 2018. (Dkts. 12-14.)

Plaintiff filed the Motion on January 3, 2019, requesting default judgment under the FLSA and the NYLL and seeking payment of unpaid minimum and overtime wages, liquidated damages, interest, wage notice and statement violation damages, costs, and attorneys' fees.  (Dkt. 17-19.)

---

[4] The Court takes judicial notice that Mother's Day fell on Sunday, May 13, 2018.

[5] According to Plaintiff's testimony, she would have received her final paycheck on Friday, June 29, 2018. (Tr. at 10:1-8.)

The undersigned held a Hearing and Inquest on the Motion on July 19, 2019, at which Plaintiff answered questions under oath.  (*See* Minute Entry dated July 19, 2019; Tr.)

## DISCUSSION

### I.      Standard for Default Judgment

In order to grant a default judgment, a court must first ensure that Plaintiff took all the required procedural steps in moving for default judgment, including providing proper notice to Defendants of the Motion.  Local Civ. R. 55.2(c).  Although a "default judgment is ordinarily justified where a defendant fails to respond to the complaint," a court must nevertheless determine whether the allegations establish liability as a matter of law.  *SEC v. Anticevic*, No. 05-CV-6991 (KMW), 2009 WL 4250508, at *2 (S.D.N.Y. Nov. 30, 2009); *see also Finkel v. Romanowicz*, 577 F.3d 79, 84 (2d Cir. 2009).  Even after the entry of default, "it remains for the court to consider whether the unchallenged facts constitute a legitimate cause of action, since a party in default does not admit mere conclusions of law."  *Trs. of the Plumbers Local Union No. 1 Welfare Fund. v. Philip Gen. Constr.*, No. 05-CV-1665 (NG) (RML), 2007 WL 3124612, at *3 (E.D.N.Y. Oct. 23, 2007) (quoting *In re Wildfire Ctr., Inc.*, 102 B.R. 321, 325 (E.D.N.Y 1989)).  In determining liability, a court accepts as true the well-pleaded allegations of a complaint, drawing all reasonable inferences in favor of Plaintiff.  *See Finkel*, 577 F.3d at 84; *see also Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.*, 973 F.2d 155 (2d Cir. 1992).

Even though "a party's default is deemed to constitute a concession of all well-pleaded allegations of liability, it is not considered an admission of damages."  *Greyhound Exhibitgroup*, 973 F.2d at 158.  On a motion for default judgment, the plaintiff bears the burden of presenting proof of damages, which may take the form of documentary evidence, detailed affidavits, or testimony at an inquest.  *See Action S.A. v. Marc Rich & Co.*, 951 F.2d 504, 508 (2d Cir. 1991); *Liberty Mut. Ins. Co. v. Fast Lane Car Serv., Inc.*, 681 F. Supp. 2d 340, 346 (E.D.N.Y. 2010).  The amount of damages

4

awarded, if any, must be ascertained "with reasonable certainty." *Credit Lyonnais Sec. (USA), Inc. v. Alcantara*, 183 F.3d 151, 155 (2d Cir. 1999); *Gunawan v. Sake Sushi Rest.*, 897 F. Supp. 2d 76, 83-84 (E.D.N.Y. 2012). When a plaintiff claims FLSA and NYLL violations in the context of a default judgment, "the plaintiff's recollection and estimates of hours worked are presumed to be correct." *Gunawan*, 897 F. Supp. 2d at 83.

## II.    Jurisdiction

### A.  Subject Matter Jurisdiction

This Court has jurisdiction over the FLSA claims pursuant to 28 U.S.C. § 1331. This Court additionally has supplemental jurisdiction over the NYLL claims pursuant to 28 U.S.C. § 1367.

### B.  Personal Jurisdiction and Service

"[A] court may not properly enter a default judgment until it has jurisdiction over the person of the party against whom the judgment is sought, which also means that he must have been effectively served with process." *Lopez v. Yossi's Heimishe Bakery Inc.*, No. 13-CV-5050 (FB) (CLP), 2015 WL 1469619, at *4 (E.D.N.Y. Mar. 30, 2015). An individual may be served according to state law where service is made. Fed. R. Civ. P. 4(e)(1). Likewise, a corporation may be served in the same manner for serving an individual as prescribed by Federal Rule of Civil Procedure 4(e)(1) or by delivering a copy of the Summons and Complaint to an officer appointed by law to receive such service. Fed. R. Civ. P. 4(h)(1). Defendant Adames was properly served with the Summons and Complaint in accordance with the service requirements of the New York Civil Practice Law & Rules ("C.P.L.R."); namely, on August 23, 2018, a co-worker of Adames of suitable age and discretion, accepted the Summons and Complaint at the restaurant El Viejo Yayo. (Dkt. 18-5.) *See* C.P.L.R. 308(2) (McKinney 2019). Additionally, the Summons and Complaint were mailed to Adames at the same address. *See id.* Likewise, Defendants Yayo Restaurant Corp. and Destination Food Corp.

were properly served with the Summons and Complaint through service on the Office of the Secretary of the State of New York.  *See* C.P.L.R. 308(3); *see also* N.Y. Bus. Corp. Law § 306.

### III.   Procedural Compliance

Plaintiff filed the following documents in support of the Motion: Notice of Motion (Dkt. 17); Memorandum of Law in Support of Plaintiff's Motion for Default Judgment (Dkt. 19); declarations in support (Dkt. 18, 18-7); the Clerk's Certificates of Default (Dkt. 18-6); the Complaint (Dkt. 18-1); a proposed order (Dkt. 18-10); proof of service of the Complaint (Dkt. 18-2 – 18-5); and proof of mailing of the Motion to the defaulting parties (Dkt. 20.)  These documents are in compliance with Local Civil Rules 7.1 and 55.2.

### IV.   Liability

In determining liability, the Court accepts as true the well-pleaded allegations of the Complaint, drawing all reasonable inferences in favor of Plaintiff.  *See Finkel*, 577 F.3d at 84; *see also Greyhound Exhibitgroup, Inc.*, 973 F.2d at 158-59.

#### A. Employment Relationship Under the FLSA

In order to support a cause of action under the FLSA, Plaintiff must show an employment relationship with Defendants and establish that: (1) Defendants are employers subject to the FLSA; (2) Plaintiff is an employee within the meaning of the FLSA; and (3) the employment relationship is not exempted from the FLSA.  *See Saucedo v. On the Spot Audio Corp.*, No. 16-CV-00451 (CBA) (CLP), 2016 WL 8376837, at *4 (E.D.N.Y. Dec. 21, 2016), *R&R adopted*, 2017 WL 780799 (E.D.N.Y. Feb. 28, 2017), *vacated sub nom.*, 2018 WL 4347791 (E.D.N.Y. Jan. 23, 2018); *see also* 29 U.S.C. §§ 203, 213 (2019).

The FLSA broadly describes an employer as "any [person or corporation] acting directly or indirectly in the interest of an employer in relation to an employee," 29 U.S.C. § 203(d), and does not define the term "'employer' in the first instance." *Irizarry v. Catsimatidis,* 722 F.3d 99, 103 (2d

6

Cir. 2013).  A defendant is an FLSA employer if he or she meets the criteria for either enterprise or

individual coverage.  *See Saucedo*, 2016 WL 8366837, at *4.  The enterprise coverage test considers

whether the employer

> has employees engaged in commerce or in the production of goods for
> commerce, or . . . has employees handling, selling, or otherwise
> working on goods or materials that have been moved in or produced
> for commerce by any person; and . . . whose annual gross volume of
> sales made or business done is not less than $500,000.

29 U.S.C. § 203(s)(1)(A)(i-ii); *see also Fermin v. Las Delicias Peruanas Res. Inc.*, 93 F. Supp. 3d 19, 33

(E.D.N.Y. 2015).

The individual coverage test takes into account the "employment actions of each" plaintiff

to determine whether "the employees themselves are 'engaged in commerce.'"  *Saucedo,* 2016 WL

8376837, at *4.  "Commerce" is "trade, commerce, transportation, transmission, or communication

among the several States or between any State and any place outside thereof."  29 U.S.C. § 203(b).

The Complaint alleges that Defendants "had a gross annual volume of sales not less than

$500,000," and Plaintiff further alleges that she "observed that El Viejo Yayo did a level of business

such that it had annual sales of at least $500,000." (Compl. ¶ 35; Rodriguez Decl. ¶ 11; Tr. at 13:22-

14:20.)  The Complaint further alleges that Defendants were directly engaged in interstate commerce

in that "numerous items that were used in the restaurant on a daily basis are goods produced outside

the State of New York." (Compl. ¶ 36.)  Plaintiff herself handled these goods regularly.  (Compl. ¶

43; Rodriguez Decl. ¶ 10.)  In the context of default, the Court may accept uncontested allegations

as true and make reasonable inferences.  *See e.g., Rodriguez v. Almighty Cleaning, Inc.*, 784 F. Supp. 2d

114, 120-121 (E.D.N.Y. 2011) (finding it logical to infer that janitorial cleaning supplies used by

residential and commercial cleaners originated outside of New York and moved in interstate

commerce); *see also Fermin*, 93 F. Supp. 3d at 33 (reasonable to infer that the "myriad goods necessary

to operate a Peruvian restaurant with an eat-in dining area and over $500,000 in annual sales do not

exclusively come from New York State"); *see also Huerta v. Victoria Bakery*, No. 10-CV-4754 (RJD) (JO), 2012 WL 1107655, at *2 (E.D.N.Y. Mar. 30, 2012) ("inconceivable that some of the bread-making materials used by plaintiffs did not originate out of state . . ."). The Court may reasonably infer that the "myriad" of materials needed to operate a Spanish restaurant with a gross revenue of at least $500,000 do not come from New York exclusively. *See Fermin*, 93 F. Supp. 3d at 33. It may also infer that some of these "materials moved or were produced in interstate commerce." *Id.*; *see also* 29 U.S.C. § 203(b).

Accordingly, for the purpose of this default judgment, these allegations are sufficient to establish that El Viejo Yayo is an enterprise engaged in interstate commerce, and therefore is an employer under the FLSA.

In addition, a person within a company who "exercises operational control over the employee in question" may be liable as an "employer" under the FLSA. *See Irizarry,* 722 F.3d at 102, 110. Courts in the Second Circuit assess operational control by applying the "economic reality" test, which determines "whether workers are employees and [ ] whether managers or owners are employers." *Id.* at 104. The economic reality test looks at "whether the alleged employer (1) had the power to hire and fire the employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Carter v. Dutchess Cmty. Coll.*, 735 F.2d 8, 12 (2d Cir. 1984) (citation omitted); *see also Herman v. RSR Sec. Servs. Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999) (explaining that no single *Carter* factor alone is dispositive, as the test encompasses the totality of the circumstances). The "ultimate question" is whether "the worker depends upon someone else's business for the opportunity to render service or is in business for himself." *Saucedo*, 2016 WL 8376837, at *5 (quoting *Velu v. Velocity Exp., Inc.*, 666 F. Supp. 2d 300, 306 (E.D.N.Y. 2006)) (internal quotations omitted).

8

Plaintiff's well-pleaded allegations establish that Defendants jointly employed Plaintiff and shared control over her.  (Compl. ¶ 29; Rodriguez Decl. ¶¶ 3-6; Tr. at 6:7-18.)  Defendants hired Plaintiff as a waitress, cashier, and bartender.  (Tr. at 5:8-9.)  Defendants had the power to hire and fire Plaintiff.  They also controlled the terms and conditions of her employment, and determined the rate and method of her payment. (Compl. ¶ 34; Rodriguez Decl. ¶ 5; Tr. at 6:7-18.)  These facts support the conclusion that Defendants were Plaintiff's employer under the FLSA.  *Herman*, 172 F.3d at 139.

Under the FLSA, an "employee" is "any individual employed by an employer."  29 U.S.C. § 203(e)(1).  The statute protects "employees who in any workweek [are] engaged in commerce or in the production of goods for commerce" and those persons who are "employed in an enterprise engaged in commerce or in the production of goods for commerce."  29 U.S.C. § 206(a).  In addition to the well-pleaded allegations in the Complaint, Plaintiff also testified that Defendants employed her as a waitress, cashier, and bartender. (Tr. at 5:9-10.)  Plaintiff thus falls within the FLSA's definition of "employee."

Plaintiff must show that she is not exempt from the FLSA's protections.  *Fermin*, 93 F. Supp. 3d at 32.  An employee's "exempt status depends less on his title, and more on the actual duties performed."  *McBeth v. Gabrielli Truck Sales, Ltd.*, 768 F. Supp. 2d 383, 387 (E.D.N.Y. 2010).  Plaintiff does not fall within an exempted category such as "executive employee," "creative professional," or "learned professional."  *Fermin*, 93 F. Supp. 3d at 32 (citation omitted).  She was also not a "*bona fide* 'professional' . . . whose primary duties require advanced knowledge in a field of science or learning."  *Id.* (citation omitted); *see* 29 U.S.C. § 213(a)(1).  Therefore, Plaintiff is a non-exempt employee under the FLSA.

Plaintiff has shown that the FLSA applies here.

### B. Employment Relationship Under the NYLL

Plaintiff must show that her employment relationship with Defendants falls within the NYLL, which governs "any person employed for hire by an employer in any employment." N.Y. Lab. Law § 190 (McKinney 2019). The NYLL broadly defines an employee as "any individual employed or permitted to work by an employer in any occupation." N.Y. Lab. Law § 651(5). As discussed above, Plaintiff has established that she was an employee.

An employer is any individual or corporation "acting as employer." N.Y. Lab. Law § 651(6). Under the NYLL, employers are not required to "achieve a certain minimum in annual sales or business in order to be subject to the law," and may be held jointly and severally liable for violations. *See Saucedo*, 2016 WL 8376837, at *6. The FLSA's definition of "employer" is "nearly identical" to that of the NYLL, and the analysis of the employment relationship under both statutes is based on the same factors. *See Mahoney v. Amekk Corp.*, No. 14-CV-4131 (ENV) (VMS), 2016 WL 6585810, at *9 (E.D.N.Y. Sept. 30, 2016) (collecting cases holding that the FLSA and NYLL are interpreted consistently with one another on the question of employer status), *R&R adopted*, 2016 WL 6601445 (E.D.N.Y. Nov. 7, 2016). Since Defendants are employers under the FLSA, they are also employers under the NYLL.

Plaintiff has shown that the NYLL applies.

### C. Plaintiff's Claims and Damages

Plaintiff seeks compensation for unpaid minimum and overtime wages, statutory violations of both wage notice and statement requirements, liquidated damages, interest, and attorneys' fees and costs under the FLSA and NYLL. (Faillace Decl. ¶ 3; Compl. ¶¶ 39, 44, 48-51; Tr. 14:21-15:9.) Since Defendant Adames is an owner, officer, and/or agent of Defendants Yayo Restaurant Corp. and Destination Food Corp., he is jointly and severally liable with them for any violations under the FLSA and NYLL. *See Mahoney*, 2016 WL 6585810, at *9.

1.  <u>Minimum Wage</u>

Plaintiff alleges that she received a fixed weekly salary of $280.  (Compl. ¶ 4; Rodriguez Decl.

¶ 16; Tr. at 6:19-7:4, 9:21-24.)  As a result, when she worked 33 hours per week, she was

compensated at an hourly rate of $8.48, and when she worked 51 hours, she was paid at a rate of

$5.49 per hour.  "Pursuant to the FLSA and NYLL, an employee is entitled to at least the minimum

wage for the first 40 hours worked per week. . ." *Melgadejo v. S & D Fruits & Vegetables Inc.,* No. 12-

CIV-6852 (RA) (HBP), 2015 WL 10353140, at *8 (S.D.N.Y. Oct. 23, 2015), *R&R adopted,* 2016 WL

554843 (S.D.N.Y. Feb. 9, 2016).  The burden is on Plaintiff to show that she "was not properly

compensated for the work performed," but "it is the employer's responsibility to maintain accurate

records of an employee's hours." *Padilla v. Manlapaz,* 643 F. Supp. 2d 302, 307 (E.D.N.Y. 2009)

(citing *Anderson v. Mt. Clemens Pottery Co.,* 328 U.S. 680 (1946)); *see* N.Y. Comp. Codes R. & Regs. tit.

12 § 142-2.6.  When such records do not exist, a plaintiff can meet her burden "through her own

recollection." *Padilla,* 643 F. Supp. 2d at 307 (citation omitted).  "Plaintiff is entitled to recover the

higher of the applicable federal or state minimum wage." *Montellano-Espana v. Cooking Light Inc.,* No.

14-CV-1433 (SJ) (RLM), 2016 WL 4147143, at *4 (E.D.N.Y. Aug. 4, 2016).

In the period between February 28 and June 29, 2018, the federal minimum wage was $7.25

and the New York City minimum wage for small employers of ten or fewer employees was $12.[6]

N.Y. Lab. Law § 652(1)(a).  When Plaintiff worked 51 hours, her hourly rate of $5.49 fell below both

the federal minimum wage of $7.25 and the New York City minimum wage rate of $12.  (*See* Dkt.

---

[6] Plaintiff does not allege that El Viejo Yayo is a large employer, with 11 or more employees, which would be
obliged to pay a minimum wage of $13 per hour.  Therefore, the undersigned considers it to be a small
employer, with 10 or fewer employees, which is required to pay a minimum wage of $12 per hour.  *See, e.g.,*
*Reyes v. Lincoln Deli Grocery Corp.,* No. 17-CV-2732 (KBF), 2018 WL 2722455, at *7 (S.D.N.Y. June 5, 2018),
*order clarified on other grounds,* 2018 WL 3105070 (S.D.N.Y. June 25, 2018).

18-8.)  At all other times, Plaintiff's hourly rate of $8.48 fell below the New York minimum wage rate.  *See* 29 U.S.C. §§ 206(a), 216(b); N.Y. Lab. Law § 652.

Plaintiff is entitled to be paid the New York City minimum wage of $12 per hour.  When she worked 33 hours per week, the weekly minimum wage amount should have been $396 ($12 multiplied by 33 hours).  Plaintiff worked 33 hours per week for 16 weeks, entitling her to a total of $6,336 ($396 multiplied by 16).  Plaintiff worked only 24 hours in her last week of work.  For that week, she should have earned $288 ($12 multiplied by 24 hours).  For one week, Plaintiff worked 51 hours, and Defendants should have paid her $612 in minimum wage that week ($12 multiplied by 51 hours).  Plaintiff thus should have earned a total of $7,236 over the course of her employment in minimum wage.  Plaintiff has been paid $280 per week for her 18 weeks of employment, or $5,040. Accordingly, the undersigned recommends that Plaintiff be awarded **$2,196 for the shortfall in minimum wages under the NYLL.**

2.   Overtime

Plaintiff seeks overtime compensation for the one-week period in which she worked 51 hours.  An employee must "be compensated at a rate of no less than one and one-half times the regular rate of pay for any hours worked in excess of forty per week."  *Nakahata v. New York-Presbyterian Health Care Sys., Inc.*, 723 F.3d 192, 200 (2d Cir. 2013); *see* 29 U.S.C. § 207(a); N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2 (incorporating the FLSA definition of overtime into the NYLL). In the Second Circuit, "a plaintiff must sufficiently allege 40 hours of work in a given workweek as well as some uncompensated time in excess of the 40 hours," *Lundy v. Catholic Health Sys. of Long Island, Inc.*, 711 F.3d 106, 114 (2d Cir. 2013), providing "sufficient detail about the length and frequency" of unpaid work in order to support "a reasonable inference" that she "worked more than forty hours in a given week."  *Nakahata*, 723 F.3d at 201; *see also Fermin*, 93 F. Supp. 3d at 44-45 (allegations that plaintiff worked over forty hours a week established an overtime claim).  Plaintiff

sufficiently alleges that she worked 51 hours during the week of Mother's Day, and did not receive time-and-a-half for her overtime hours. (Compl. ¶¶ 47, 49, 51; Rodriguez Decl. ¶¶ 14-17; Tr. at 5:14-23, 6:19-7:10.) Plaintiff is therefore entitled to be paid for 11 hours of overtime pay.

Overtime compensation is calculated based on the employee's regular rate of pay or the minimum wage, whichever is greater. *See* 29 U.S.C. § 207; 29 C.F.R. § 778.107; N.Y. Comp. Codes R. & Regs. tit. 12 § 142-2.2. Because Plaintiff always received less than minimum wage, the New York City minimum wage of $12 is used to calculate her overtime rate. Plaintiff's award of $612 already includes the $12 minimum wage for all 51 hours worked that week; the amount due consists of the overtime premium of $6 for Plaintiff's 11 hours of overtime, **totaling $66**.

### 3. Recordkeeping Violations under NYLL

#### a. Wage Notice

Plaintiff alleges that Defendants failed to give her wage notices pursuant to NYLL §195(1). (Compl. ¶¶ 58, 61; Tr. at 7:16-24, 11:1-5.) Section 195(1) requires employers to give employees a notice stating their rate of pay, how they will be paid, and other information. Violations of § 195(1) mandate damages of $50 per workday, for a maximum of $5,000. N.Y. Lab. Law § 198 (1-b). Accepting the allegations in the Complaint and Plaintiff's sworn testimony as true, Plaintiff worked four days per week on Wednesdays, Thursdays, Fridays, and Sundays from approximately February 28, 2018 until June 29, 2018, for a total of 71 days. (Compl. ¶¶ 46; Tr. at 4:18-5:23.) Defendants failed to give Plaintiff any wage notice, thereby violating the wage notice requirements for those 71 work days. Accordingly, the undersigned respectfully recommends that Plaintiff be awarded **$3,550 for Defendant's violation of NYLL § 195(1).**

#### b. Wage Statements

Plaintiff alleges that Defendants failed to give her wage statements pursuant to NYLL §195(3). (Compl. ¶¶ 59, 83; Tr. at 7:13-24.) Section 195(3) requires employers to give employees "a

13

statement with every payment of wages," listing information including the dates of work covered by the payment, information identifying the employer and employee, details regarding the rate of pay and the overtime rate of pay, and the number of hours worked.  Section 195(3) mandates damages of $250 per work day for violations, up to a maximum of $5,000.  N.Y. Lab. Law § 198(1-d).  Defendants failed to give Plaintiff any wage statements, thereby violating this provision of the NYLL for 71 work days.  Accordingly, the undersigned respectfully recommends that Plaintiff be awarded the maximum statutory damages of **$5,000 for violation of NYLL § 195(3)**.

        4.   <u>Liquidated Damages</u>

Plaintiff seeks liquidated damages.  Under the FLSA and the NYLL, an employee may be entitled to recover liquidated damages equal to the amount owed for unpaid minimum wage and overtime compensation.  29 U.S.C. § 216(b); N.Y. Lab. Law § 198(1-a).  If the employer shows that "the act or omission giving rise to such action was in good faith and that he had reasonable grounds for believing that his act or omission was not a violation" of the FLSA or NYLL, a court may decide not to award liquidated damages.  29 U.S.C. § 260; N.Y. Lab. Law § 198(1-a).  Since Defendants failed to respond to the Motion, no good faith exists and liquidated damages are appropriate.  *See Herrera v. Tri-State Kitchen & Bath, Inc.*, No. 14-CV-1695 (ARR) (MDG), 2015 WL 1529653, at *12 (E.D.N.Y. Mar. 31, 2015) (defaulting defendants did not show good faith).

The Second Circuit has interpreted the NYLL to preclude the award of double liquidated damages under both the NYLL and FLSA.  *See Chowdhury v. Hamza Express Food Corp.*, 666 Fed. App'x. 59, 61 (2d Cir. 2016) (summary disposition); *see also Leon v. Zita Chen*, No. 16-CV-480 (KAM) (PK), 2017 WL 1184149, at *9 (E.D.N.Y. Mar. 29, 2017) (following *Chowdhury*); *Pineda v. Frisolink, Inc.*, No. 15-CV-3774 (GBD), 2017 WL 3835882, at *12 (S.D.N.Y. Aug. 29, 2017) (same).  In light of the principle that "the law providing the greatest recovery will govern," Plaintiff may be awarded

liquidated damages pursuant to the NYLL or the FLSA.  *See Charvac v. M & T Project Managers of New York, Inc.*, No. 12-CV-5637 (CBA) (RER), 2015 WL 5475531, at *4 (E.D.N.Y. June 17, 2015).

Based on the recommendation above that Plaintiff be awarded $2,196 for minimum wages and $66 for overtime, the undersigned respectfully recommends that Plaintiff be awarded **$2,262 in liquidated damages**.

### 5.   Pre-Judgment Interest

Plaintiff seeks pre-judgment interest.  (Faillace Decl. ¶ 3, Tr. at 14:21-15:9.)  Since "liquidated damages and prejudgment interest are not functional equivalents under the NYLL, prevailing plaintiffs may recover both for claims brought under the NYLL."  *Saucedo*, 2016 WL 8376837, at *16 (citation omitted).  The statutory interest rate in New York for pre-judgment interest is nine percent per annum.  C.P.L.R. 5004.  Courts have discretion in determining a reasonable date from which to award pre-judgment interest, such as the "the earliest ascertainable date the cause of action existed," or a midway point between when the plaintiff began and ended work if damages were incurred at various times.  *See Santillan v. Henao*, 822 F. Supp. 2d 284, 298 (E.D.N.Y. 2011) (citing C.P.L.R. 5001(b)).

Because Plaintiff was denied adequate wages throughout her employment, the Court will use an intermediate date.  The midpoint between February 28, 2018 and June 29, 2018 is April 20, 2018. Pre-judgment interest on actual damages of $2,262, for minimum wage and overtime pay, at a rate of 9 percent per annum, is $0.56 per day for the 70 days from April 20, 2018 until June 29, 2018, for a total of $39.20.  Accordingly, the undersigned respectfully recommends that Plaintiff be awarded **pre-judgment interest of $39.20 plus $0.56 per day from June 30, 2018 to the date of judgment.**

6. <u>Post-Judgment Interest</u>

Plaintiff seeks post-judgment interest.  (Tr. at 14:21-15:9.)  Such interest "shall be allowed on any money judgment in a civil case recovered in a district court."  28 U.S.C. § 1961(a); *see, e.g.*, *Fermin*, 93 F. Supp. 3d at 53.  Post-judgment interest is governed by the federal rate as set forth in 28 U.S.C. § 1961.  *See Tacuri v. Nithun Constr. Co.* No. 14-CV-2908 (CBA) (RER), 2015 WL 790060, at *12 (E.D.N.Y. Feb. 24, 2015).  Accordingly, the undersigned respectfully recommends that Plaintiff be awarded **post-judgment interest, to be calculated from the date the Clerk of Court enters judgment in this action until the date of payment, at the rate set forth in 28 U.S.C. § 1961.**

### D. Attorneys' Fees and Costs

Plaintiff seeks reasonable attorneys' fees, which she is entitled to recover under both the FLSA and NYLL.  *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1).  District courts have broad discretion to determine the amount awarded, and the party requesting fees must submit documentation to support its claims.  *Mahoney*, 2016 WL 6585810, at *18.  Courts calculate appropriate attorneys' fees by multiplying the number of hours reasonably spent by counsel on the matter by a reasonable hourly rate.  *Saucedo*, 2016 WL 8376837, at *17.  This "lodestar method" may be adjusted based on the circumstances of the case.  *Id.*

A reasonable hourly rate is the rate a "reasonable client would be willing to pay."  *Id.*  The Second Circuit and various district courts have identified case-specific variables relevant in setting a reasonable hourly rate, considering whether the rates requested are proportional to fees awarded to other attorneys performing similar services with comparable skill, expertise and reputation.  *Arbor Hill Concerned Citizens Neighborhood Ass'n v. Cty. Of Albany*, 522 F.3d 182, 190 (2d Cir. 2008); *Mahoney*, 2016 WL 6585810, at *19.  In recent years, decisions in this District have determined reasonable hourly rates in FLSA cases at "approximately $300-$450 for partners, $200-$325 for senior associates, $100-$200 for junior associates, and $60-80 for legal support staff."  *Mahoney*, 2016 WL

16

6585810, at *19 (quoting *Carrasco-Flores v. Comprehensive Health Care & Rehab. Servs., LLC*, No. 12-CV-5737 (ILG) (JMA), 2014 WL 4954629, at *9 (E.D.N.Y. Oct. 2, 2014)).

Plaintiff requests hourly rates of $450 for Michael Faillace and $375 for Jesse Barton. (Faillace Decl. ¶ 14.) Faillace is a Managing Member of Michael Faillace & Associates, P.C., with 36 years of experience; he has taught employment discrimination as an Adjunct Professor at Fordham University School of Law since 1992 and at Seton Hall University Law School for three years. (*Id.* ¶ 15.) He speaks and writes on employment law nationally. (*Id.*) Barton is an attorney at Michael Faillace & Associates, P.C., and graduated from Fordham University School of Law in 2012. (*Id.*) The undersigned finds the requested rate for Faillace appropriate and the requested rate for Barton excessive and recommends an hourly rate of $450 for Faillace and $325 for Barton.

In determining a reasonable number of hours, district courts should "exclude excessive, redundant or otherwise unnecessary hours." *Quarantino v. Tiffany & Co.*, 166 F.3d 422, 425 (2d Cir. 1999). Plaintiff's counsel billed a total of 7.40 hours: three attributed to Faillace and 4.4 to Barton. (*See* Dkt. 18-9.) Their time records show a reasonable amount of time expended on each task.

The undersigned finds these hours reasonable, affording Plaintiff attorneys' fees of $1,350 ($450 multiplied by three hours) for Attorney Faillace and $1,430 ($325 multiplied by 4.4 hours) for Attorney Barton, totaling $2,780. Accordingly, the undersigned respectfully recommends that Plaintiff be awarded **$2,780 in attorneys' fees.**

Plaintiff is also entitled to recover reasonable costs under the FLSA and NYLL. *See* 29 U.S.C. § 216(b); N.Y. Lab. Law § 663(1); *Perez v. Queens Boro Yang Cleaner, Inc.*, No. 14-CV-7310 (SJ) (JO), 2016 WL 1359218, at *8 (E.D.N.Y. Mar. 17, 2016), *R&R adopted*, 2016 WL 1337310 (E.D.N.Y. Apr. 5, 2016). Plaintiff requests costs of $657, comprised of a $400 court filing fee and $257 in process server fees. (*See* Dkt. 18-9; Tr. at 16:4-10.) The Court finds the costs reasonable.

Plaintiff is entitled to **$2,780 in attorneys' fees and $657 in costs**.

## **CONCLUSION**

Based on the foregoing, the undersigned respectfully recommends that default judgment be entered against Defendants, finding them liable for violations under the FLSA and NYLL, and Plaintiff be awarded damages in the total sum of $16,445, plus pre- and post-judgment interest, comprised of:

(i)     **$2,196** in unpaid minimum wages;

(ii)    **$66** in unpaid overtime compensation;

(iii)   **$3,550** in statutory damages for the NYLL wage notice claim;

(iv)    **$5,000** in statutory damages for the NYLL wage statement claim;

(v)     **$2,262** in liquidated damages;

(vi)    **$39.20** in pre-judgment damages, plus **$0.56** per day from June 30, 2018 to the date of judgment;

(vii)   **$2,780** in attorneys' fees

(viii)  **$657** in costs; and

(ix)    Post-judgment interest as provided in 28 U.S.C. § 1961, to run from the date of judgment until judgment is satisfied.

Plaintiff is directed to serve this Report and Recommendation on Defendants forthwith and file proof of service in the docket by August 30, 2019.

Any objection to this Report must be filed in writing with the Clerk of Court within fourteen (14) days of service.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  Failure to timely file any just objection waives the right to further judicial review of this Report and Recommendation.  *Caidor v. Onondaga Cty.*, 517 F.3d 601, 604 (2d Cir. 2008).

**SO ORDERED:**

*Peggy Kuo*

PEGGY KUO
United States Magistrate Judge

Dated:    Brooklyn, New York
              August 23, 2019